JAMES P. SPAULDING, Respondent, *v.* DANIEL O'BRIEN et al., Appellants.

(County Court, Oneida County, January, 1899.)

Negligence — Duty of master to disclose to employee a danger known to the master — Defective wagon.

Where the boxes in the hub of a wagon-wheel are so worn that the wheel has a great deal of play and the socket on the wagon is so close to the spokes that it strikes them, an employee of contractors, who is only a shoveler of stone and who, upon being ordered by his foreman to help a team hauling stone, is injured because, after taking hold of the wheel by the spokes, his hand is caught between them and the socket, is entitled to recover of the contractors, as they have been guilty of a breach of duty in failing to disclose to the employee a danger, which they must be presumed to have known, before ordering him into a position where he was liable to be injured.

THIS is an appeal from a judgment rendered by C. H. Williamson, a justice of the peace of the town of Whitestown, in favor of

the plaintiff for $80.15 damages and costs. The action was brought to recover damages for personal injuries received by plaintiff while in the employ of defendants by reason of an alleged defect in de-defendants' wagon. Defendants were contractors upon the Erie canal, and plaintiff had been in their employ as a shoveler for about three months prior to the accident.

Upon the day of the accident, one of defendants' wagons loaded with stone became stalled near where plaintiff was working. Plaintiff and three others were directed by one Gallagher, who was in charge of the work, to help the team to start. Plaintiff took hold of the wheel by the spokes and lifted to help back the wagon. As the wheel turned plaintiff's hand was caught between the spokes and socket on the wagon and was injured.

C. A. Miller, for appellants.

H. S. Patton, for respondent.

DUNMORE, J. The main question upon this appeal is whether the wagon by which plaintiff was injured was so defective as to make defendants liable for negligence. The evidence shows that the socket was so close to the spokes that as the wheel turned it struck the spokes. It also showed that the boxes in the wheel hub were so worn that the wheel had a great deal of play. It was, therefore, dangerous for a person to take hold of the spokes to turn the wheel. When the foreman ordered plaintiff to assist the team to start he did not expect him to take hold of the tugs and pull, nor to get behind the wagon and push; but he evidently expected him to take hold of the spokes and using them as levers to help turn the wheels. It is a matter of common observation that that is the usual way assistance is given in such cases. Plaintiff, therefore, did precisely what he was directed to do. He was ordered to perform an act which was dangerous and without having been warned of the danger. The act of the foreman in directing plaintiff to assist at the wagon was the act of defendants. They knew or should have known the condition of this wagon, and that the duty with which plaintiff was charged was accompanied by danger. Their failure to disclose that danger to plaintiff before ordering him into a position where he was liable to be injured was a breach of duty for which defendants are liable. A master employing servants in a service which is apparently safe, but which

becomes hazardous from causes not discernible by the exercise of ordinary prudence, is bound upon the strongest principles of morality and good faith to disclose to them the danger to which they are exposing themselves, if those dangers are known to him. Patterson v. Wallace, 28 Eng. L. & E. R. 51; Baxter v. Roberts, 44 Cal. 187; Ryan v. Fowler, 24 N. Y. 410; Perry v. Marsh, 25 Ala. 659; Rorer on Railroads, vol. 2, pp. 12, 14.

Plaintiff testified that he had not noticed the defect in the wagon prior to the accident, and that he could see the marks on the spokes by looking behind, but that he could not see them in front. There was no evidence that plaintiff was employed about this wagon in such a way as to charge him with notice of the defect. The evidence is that he did not know of the defect. As he did not know of the danger, it cannot be said that he assumed the risk. The questions of fact were properly submitted to the jury and the judgment should be affirmed, with costs.

Judgment affirmed, with costs.