JOHN CZERNICKE, by Next Friend, Appellant, v. HERMAN EHRLICH et al.

### Division Two, May 19, 1908.

1. **NEGLIGENCE: Sandpaper-Smoothing Machine: Statute.** An offbearer from a steel-roller sandpaper-smoothing machine, whose duty it was to receive boards as they passed out of the machine, after having been smoothed as they passed between the rollers, and whose hand was caught between the rollers, was not injured by the "belting, shafting, gearing and drums in a manufacturing establishment," and hence his case does not come within either the letter or the meaning of section 6433, Revised Statutes 1899.

2. ———: ———: **Boy.** The machine was used for smoothing lumber by sandpapering, and was four feet high and thirty-six inches wide. On top were four sets of rollers, which carried the lumber through the machine, and between them were sandpaper rollers which smoothed it. The rollers at the rear end turned out. Plaintiff was fifteen years old and the offbearer, and was told by the foreman that when a board clogged in the machine to seize hold of it and pull it out, and his testimony was that the boards when too short to reach from one set of the steel rollers to another would sometimes catch against one corner of the mouth of the machine and would clog; that he had

worked only four or five days at the machine when some boards caught and clogged, and following instructions to extricate the board, he took hold of it with his right hand, and the hand was caught against the boards and the bed or bottom of the passage-way, and was being mashed and in trying to release his hand he lost his balance and threw his left hand on top of the machine and down between the rollers. *Held*, that the court erred in sustaining a demurrer to plaintiff's evidence.

3. ———: **Assumption of Risks; Notice.** One who enters the service of another takes upon himself the ordinary risks of employment. On the other hand, if there are concealed dangers, known to the employer but unknown to the servant, it is the employer's duty to notify the servant of their existence.

4. ———: ———: **Inexperienced Boy.** Although the machinery or that part of it complained of as especially dangerous is visible, yet if, by reason of the youth and inexperience of the servant, he is not aware of the danger to which he is exposed, in either operating it or approaching near to it, it is the duty of the master to inform him of the danger, if known to himself.

5. ———: ———: ———: **Obeying Instructions.** It is for the jury to say whether or not the inexperienced fifteen-year-old boy, in obeying the instructions of the foreman to take hold of a board and pull it out whenever the machine became clogged, knew the danger and assumed the risk of having his hand caught between the board and the bed.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

REVERSED AND REMANDED.

*W. B. Norris* and *W. K. James* for appellant.

(1) It is the duty of a master to see that a minor employed by him to operate dangerous machinery knows not only of the dangers but the extent of the dangers of such machinery. Wood's Law of Master and Servant (2 Ed.), sec. 349, and notes, and sec. 350, and notes; Grizzle v. Frost, 3 Fost. & Findl. 622; Combs v. New Bedford Cordage Co., 102 Mass. 572; Dowling v. Allen, 74 Mo. 13; Vanesler v. Box Co., 108 Mo. App. 628; Rummell v. Dilworth, Porter & Co., 19 Atl. 345;

Tag v. McGeorge (Pa.), 26 Atl. 671; Boland v. Railroad, 36 Mo. 490; White v. San Antonio Waterworks Co. (Tex.), 29 S. W. 253. (2) This rule applies even where the dangers are visible. Wood's Law of Master and Servant (2 Ed.), 723; Dowling v. Allen, 74 Mo. 13; Goins v. Railroad, 37 Mo. App. 233; Henderson v. Kansas City, 177 Mo. 490. (3) Whether a minor is of sufficient age, intelligence and experience to understand the danger or hazard of the employment is a question for the jury. Wood's Law of Master and Servant (2 Ed.), 723; Dowling v. Allen, 74 Mo. 18; Railroad v. Brick (Tex.), 20 S. W. 513; Tag v. McGeorge (Pa.), 26 Atl. 672; Proof of Findings in Accident Cases by Black, sec. 86; Huizenga v. Lumber Co. (Mich.), 16 N. W. 645; Boland v. Railroad, 36 Mo. 491; Adolph v. Columbia Pretzel & Baking Co., 100 Mo. App. 212; Henderson v. Kansas City, 177 Mo. 495; Thein v. Butchers Supply Co., 116 Mo. App. 11; Lawrence v. Ice Co., 119 Mo. App. 316; Longree v. Mfg. Co., 120 Mo. App. 478. (4) Whether machinery is dangerous and if so whether it should be protected should be submitted to the jury. Rogers v. Ptg. Co., 103 Mo. App. 691; Morgan v. Hinge Mfg. Co., 120 Mo. App. 3. (5) Plaintiff's appeal having shown, (a) that defendants operated a dangerous machine; (b) without any protection; (c) knowing its dangerous character; (d) and plaintiff less than 15 years of age; (e) wholly inexperienced with any machinery; (f) was employed on such dangerous machinery; (g) without being warned of the dangers incident to such employment; (h) and that plaintiff while carrying out defendant's instructions was injured on such machinery, his case should have been submitted to the jury under proper instructions.

*Rusk & Stringfellow* and *R. A. Brown* for respondents.

(1) The case of Smith v. Forrester-Nace Box Company, 193 Mo. 715, is very similar to the case at

bar. (2) Defendants under the circumstances of this case owed plaintiff no duty to warn him of any danger incident to his employment. (a) In the absence of a showing to the contrary plaintiff is supposed to have known of such dangers as well as the defendants, and nowhere in the record is there any evidence from which it could be inferred that plaintiff was not fully acquainted with all the dangers of the situation. (b) There were no dangers against which plaintiff could have been warned or cautioned which were not patent, and of which he did not know as well as the defendants. Buckley v. Mfg. Co., 21 N. E. 717; Hickey v. Taaffee, 12 N. E. 290; Nugent v. Milling Co., 131 Mo. 256; Herbert v. Boot & Shoe Co., 90 Mo. App. 316. (c) The duties to be performed by plaintiff were simple, and the defendants could not have anticipated that he would get his hand caught under any plank coming out of the machine. Nor could they have anticipated that he would fall into the top of the machine, even should he in some unaccountable way get his hand caught in the rear end of the machine. Defendants were under no obligation to warn plaintiff of the dangers they could not anticipate. Rogers v. Printing Co., 103 Mo. App. 689; Graney v. Railroad, 157 Mo. 683; Fuchs v. St. Louis, 167 Mo. 652; Holt v. Railroad, 84 Mo. App. 448.

GANTT, J.—This is a suit by the plaintiff, an infant, by his next friend, for damages sustained by him by having his hand caught in the sandpaper-smoothing machine owned and operated by the defendants, and about which plaintiff was employed to work when about fifteen years of age without any previous experience.

It is alleged that the said machine was defectively and negligently constructed, maintained and operated, in this, that at the corners of the end of the machine, at which said boards or other material came out from

the machine, there were obstructions which impeded, obstructed and prevented said boards or other material from coming out from the machine, and that said machine had no apron or extension table connected with and extending from the end of the machine from which the said boards or other material came out from the machine; and that there were no fenders, railings, barriers or other protection in, over or about said machine to protect the hands of the person so receiving said boards or other materials from the machine, so as to prevent the hands of the person acting as offbearer from becoming caught in and injured by the rollers at or near the end of the machine. It is alleged that on about the 10th of March, 1903, and about a week before the injury complained of, plaintiff was employed by defendants to use and operate said machine; that at the time he was so employed, he was of tender age, to-wit, fifteen years old, and wholly inexperienced as to the dangers in the use and operation of the machine; that his tender age, inexperience and ignorance were well known to the defendants, and that defendants neither at the time of employing him nor at any other time advised or warned him of the dangers from the use and operation of the said machine, but directed and ordered him to use and operate it; that the defendants instructed plaintiff that whenever a board or other material became obstructed or impeded by the said obstruction at the said corners of the machine, plaintiff should take hold of and seize upon the board so obstructed with his hands and loosen it and extricate it from the machine; that on the 17th of March, 1903, when plaintiff was receiving short boards and materials from said machine, one of said boards became obstructed by the corners of said machine and in obedience to his orders, plaintiff using ordinary care on his part, took hold of said board and attempted to extricate it from said machine and while so doing another board was pushed with great

force against the board which he was seeking to loosen
and thereby plaintiff's right hand was caught, and
being mashed under the board he was trying to extri-
cate plaintiff with his other hand attempted to release
his right hand, and in so doing his left hand fell upon
and was thrust in said machine and was caught in the
said steel rollers and was lacerated, torn and mashed
and permanently disabled from work or use of any
kind, for which he prayed judgment in the sum of
five thousand dollars.

The defendants in their answer deny, first, each
and every allegation in the petition. Second, pleaded
that plaintiff's own contributory negligence caused his
injuries, in that while the machine around which he
was working was in operation, but at a time when no
lumber or other material was being passed through the
machine, and at a time when plaintiff was not engaged
in the performance of any duties around the machine,
he carelessly and negligently laid his hand upon the
machine in a position where the same was caught under
one of the rollers thereof, without any fault or negli-
gence on the part of the defendants. And for a third
defense pleaded an assumption of the risk of the said
employment.

The reply was a general denial of the new matter
set up in the answer.

The evidence tended to show that the machine re-
ferred to in the petition was used for the purpose of
smoothing lumber by sandpapering, and was of the
"Invincible" pattern. It was about four feet high,
thirty-six inches in width and constructed on the order
of a planing machine; on top were four sets of steel
rollers turned in opposite directions and which carried
the lumber through the machine. Between the steel
rollers were sandpaper rollers which smooth the boards
as they pass through. The front rollers and the rear
rollers were covered with iron shields so that it was

impossible to come in contact with said rollers unless one reached over and behind the shields. The rollers at the rear end of the machine turned out, making it impossible for any object to be caught between them even in the absence of shields, unless such object should come in contact with the front of said rollers. Rods extended across the top of the machine in both directions so that lumber could be piled thereon. The machine was fed from the east end by a boy named Charles Rhuby, and the plaintiff was acting as offbearer at the west end. A good-sized boy or man who had been offbearer left and plaintiff, who was at the time working in the yard handling lumber, was put to work by the foreman as offbearer. According to the plaintiff's testimony, the boards when too short to reach from one set of steel rollers to another would sometimes catch against one corner of the mouth of the machine and would clog. Plaintiff had worked only four or five days on the machine when some short boards caught and clogged, when, following the foreman's directions as to extricating the boards, his right hand was caught between the boards and the bottom of the passageway of the boards. In trying to release his right hand he lost his balance and threw his left hand on top of the machine and down between the steel rollers, which drew his fingers and palm in up to the thumb, scraping and drawing the flesh off the palm. His evidence further tended to show the injury was very painful and permanent.

At the close of plaintiff's case, the defendants offered a demurrer to the evidence, which the court overruled and defendants then introduced evidence until the adjournment of the court for the day. On the following morning, the court of its own motion stated that on further consideration he would sustain the demurrer, which the defendants again interposed and the court accordingly sustained. Plaintiff thereupon took a non-

suit with leave to set the same aside and thereafter in due time such motion was overruled, and he appealed to this court. A copy of the machine will accompany this opinion.

I. The action of the circuit court in sustaining the demurrer to the evidence presents the only question in this case. That the machine in which plaintiff's hand was caught and hurt was not such a one as to bring it within section 6433, Revised Statutes 1899, was ruled in Smith v. Forrester-Nace Box Co., 193 Mo. 715. In that case, the plaintiff was injured while working as an off-bearer from a planing machine and had his hand caught between the rear rollers of the machine, and this court said: "The plaintiff contends that this case falls within the rule prescribed by section 6433, Revised Statutes 1899, . . . . but the most casual reading of the statute demonstrates that it has no application whatever to the case at bar. The statute is confined to 'belting, shafting, gearing and drums in manufacturing establishments.' Neither the allegations of the petition nor the evidence in this case bring this case within the letter or spirit of the statute. The injury complained of was not caused by any belting, shafting, gearing or drums of the machine." We can make no distinction between the machine in that case and the one in this case, in the application of the statute. In Lore v. American Mfg. Co., 160 Mo. 622, it was remarked that in the absence of a statute the master at common law was not bound to fence his dangerous machinery. [Bair v. Heibel, 103 Mo. App. l. c. 632, and cases there cited.] The machine in which the plaintiff's hand was caught was not in any way a defective machine, at least there is no evidence whatever in the record which tends to prove that it was a defective machine, either in the construction or from use. The chief insistence of the plaintiff is that the circuit court erred in not submitting the case to the jury on the ground that it was the duty of the master to see that the plaintiff was duly instructed as to the danger of working about said machine. The witness Rhuby testified that plaintiff understood handling the machine. The plaintiff had worked around

this machine as offbearer for from five days to a week before he was hurt. While plaintiff alleges he was inexperienced he did not testify that he did not fully understand the working of the machine or that it would be dangerous to let his hand get in the rollers.

Whether this case should have been submitted to the jury under proper instructions is a question not free from difficulty. The general rule is that one who enters the service of another takes upon himself the ordinary risks of the employment. [Smith v. Railroad, 69 Mo. 39; Porter v. Railroad, 71 Mo. 66; Coombs v. New Bedford Cordage Co., 102 Mass. 572; Dowling v. Allen, 74 Mo. 13.] On the other hand, if there are concealed dangers known to the employer and unknown to the employee, it is the duty of the employer to notify the servant of their existence. It is equally well settled that although the machinery or that part of it complained of as especially dangerous is visible, yet, if by reason of the youth and inexperience of the servant he is not aware of the danger to which he is exposed in operating it or approaching near to it, it is the duty of the master to apprise him of the danger if known to him. [Grizzle v. Frost, 3 F. & F. 622; Clarke v. Holmes, 7 H. & N. 937.] In Dowling v. Allen, supra, it was said: "It is not a conclusion of law from the fact that plaintiff was aware of the existence of the set screw and was seventeen years old and sprightly for one of his age, that he was aware of the risk and danger of passing over the shaft while it was in motion." And so, in Clarke v. Holmes, BYLES, J., observed: "A servant knowing the facts may be utterly ignorant of the risks." In Henderson v. Kansas City, 177 Mo. 477, it was said: "The law does not exact the same discretion and judgment from a green, inexperienced boy, in the handling of complicated machinery, which it would require of an experienced adult and machinist. Each may see the same object before him,

but the inexperienced boy would be ignorant of the danger, which is apparent to the adult machinist. The court did not err in submitting plaintiff's age, capacity and experience as elements by which to judge whether he should be barred from recovery, because he could see the engine and the place in which he was required to work.'' If plaintiff can recover at all his right to do so must be predicated upon the fact that he was instructed by the superintendent that whenever the boards became obstructed in passing through the machine he should take hold of and remove the same with his hands without warning him as to the danger of doing so while the machine was in motion. We can find no evidence in the record that the machine itself was imminently dangerous unless the operator either carelessly or inadvertently put his hand among or under the rollers so that it might be drawn in and crushed. Plaintiff testifies that he was endeavoring to extricate a board that had been caught and impeded in its passage through the machine, and while he was attempting to obey the instructions given him to remove the same with his hand, his right hand was caught, and in endeavoring to release his right hand he lost his balance and in this way his left hand fell over into the rollers. That he might have and probably did know that if his hand was caught in the rollers it would be crushed, may be true, but it does not follow as a matter of law that he knew the danger of attempting to extricate the obstructed piece of plank or board with his hand while the machine was in motion. And considering his youth and short experience in working about the machine and taking out the boards as offbearer, we are inclined to think that it was a question for the jury under all the evidence in the case to say whether the defendants or their superintendent properly and sufficiently warned him of the

danger in attempting to remove an obstructed or impeded board while the machine was in motion.

Of course we do not mean by this that the defendants are not entitled to show that he was fully apprised of the workings of the machine and had shown his capacity to handle it properly before the accident and to show, if they can, that he was fully aware of the danger or risk that he ran in attempting to extricate the boards that were or might be obstructed or impeded in their passage through the machine and that such risk was open and obvious to him, and was in no sense a hidden or latent hazard or danger incident to his occupation. What we hold is that it can not be said as a matter of law that a boy of the age and of the short experience which plaintiff had in working about this machine and in attempting to extricate a board that had become obstructed or impeded in its passage through the machine in obedience to the directions given him by the foreman to remove said board with his hands while the machine was in motion, is guilty of such contributory negligence as to bar a recovery on the ground that he had not been properly instructed as to the danger attendant upon such action on his part, or that he should be held to have assumed the risk of so doing as a matter of law. The case was not fully developed on the trial and we forbear from expressing any opinion as to its merits. All that we hold is that in our opinion the plaintiff was entitled to go to the jury under the evidence introduced by him under proper instructions from the court as to the measure of the liability of the master and the plaintiff respectively. And in this view of the case, we think the court erroneously sustained the demurrer to the evidence and the judgment must be reversed and the cause remanded for a new trial in accordance with the views herein expressed.

*Fox, P. J.,* and *Burgess, J.,* concur.