ROBERT D. BRASHEARS, Respondent, v. UNITED
IRON WORKS COMPANY, Appellant.

### Springfield Court of Appeals, June 10, 1913.

1. **CONTRIBUTORY NEGLIGENCE: Question for Jury Under Proper Instructions.** In an action against the master by the servant for personal injuries occasioned by the alleged negligence of the' master in not safeguarding certain machinery, where the question of contributory negligence on the part of the servant was properly submitted to the jury under sufficient instructions, the finding of the jury under the evidence relative thereto is binding on the appellate court.

2. **MASTER AND SERVANT: Guards for Machinery: Statutory Provisions Examined.** Sec. 7828, R. S. 1909, requiring the safeguarding of certain machinery *held* to be effective in an action by the servant against the master on account of personal injuries, without the notice to the master from the State factory inspector to maintain such safeguards, as provided by Sec. 7842, R. S. 1909.

3. **MASTER AND SERVANT: Duty and Liability under Common Law: Under Statutory Provisions.** Duty and liability of master to servant relative to safeguarding certain machinery, considered in the light of the common law and statutory provisions.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Mann, Johnson & Todd* for appellant.

(1) The court erred in refusing to give defendant's requested instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's evidence in chief, and renewed at the close of all the

evidence in the case, because plaintiff did not prove that any notice had been given to defendant by the State factory inspector or assistant inspector to put guards over the cogwheels on the rattler, which notice is required by Sec. 7842, R. S. 1909, and without which notice Sec. 7828, R. S. 1909, is not operative nor in effect. Therefore, plaintiff's cause of action being based on alleged violation of the provisions of Sec. 7828, plaintiff failed to make out his case and a demurrer should have been given for that reason. Williams v. Railroad, 136 S. W. 304. (2) In the absence of statute, the master at common law is not bound to fence or guard his dangerous machinery and no action can be predicated at common law for failure to fence or guard dangerous machinery. Lore v. Mfg. Co., 160 Mo. 622; Bair v. Heibel, 103 Mo. App. 632; Czernicke v. Ehrlich, 212 Mo. 394; Cole v. Lead Co., 130 Mo. App. 253. (3) The master is not an insurer of the safety of his servant, but is only required to use ordinary care to furnish the servant with reasonably safe machinery and place to work. In this case there was no obligation to put a guard over the machinery. The machine was in good order, there being no defect about it, and all of the evidence shows that the appliance was not unsuitable but was improperly handled by plaintiff. Winkler v. Basket & Box Co., 137 Mo. 394; George v. St. Louis Mfg. Co., 159 Mo. 333; Holmes v. Bradenbaugh, 172 Mo. 503. (4) The master has the right under the law to conduct his business in his own way, and there being no inherent defect in that way or manner, the servant knowing that way, cannot recover. In other words, he assumes the risk of any accident resulting from a regular way of doing business. Coin v. Lounge Co., 222 Mo. 488; Cole v. Jones, 141 S. W. 689; Morgan v. Mining Co., 141 S. W. 735; Beckman v. Brewing Assn., 98 Mo. App. 555; Herrington v. Railroad, 104 Mo. App. 633. (5) Plaintiff got his hand caught in the cogwheels as result of his own careless-

ness and negligence. Czernicke v. Ehrlich, 212 Mo. 386; Doerr v. Brewing Assn., 176 Mo. 547; Smith v. Box Co., 193 Mo. 715; Sanborne v. Railroad, 10 Pac. 860-863; Stoll v. Hoopes, 14 Atl. 658; Engine Works v. Randall, 50 Am. Rep. 798; Gorman v. Brick Mfg. Co., 68 N. W. 674; Beck v. Firnenich Mfg. Co., 48 N. W. 81; Anderson v. Lumber Co., 69 N. W. 630; Buttle v. Box Co., 56 N. E. 583; Sugar Co. v. Preuner, 75 N. W. 1097; Sakol v. Rickel, 71 N. W. 833; Schultz v. Lumber Co., 65 N. W. 498; Deering v. Canfield & W. Co., 85 N. W. 874; Lewis v. Simpson, 29 Pac. 207. (6) Plaintiff did not allege nor prove that notice by the State factory inspector, or assistant inspector, had been given to defendant to put guards over the cogwheels on the rattler, which notice was required by Sec. 7842, R. S. 1909, and without which notice section 7828 is not operative nor in effect. Therefore, plaintiff's instruction number one was erroneous because it omitted all reference to any such notice and in the condition of the pleadings and proof should not have been given at all. Williams v. Railroad, 135 S. W. 308, et seq.

*Patterson & Patterson* for respondent.

(1) The court did not err in refusing to sustain defendant's demurrer to the evidence "for the reason that the plaintiff did not prove that the State factory inspector or assistant inspector notified defendant to safeguard the cogwheels on the rattler." First: Because no such point was made in the trial court by the pleadings of defendant, by the evidence, by the demurrer to the evidence or by the motion for a new trial or in any other way. Second: Because the point is without merit any way. (2) The defendant is bound by the theory adopted in the trial court. King v. Railroad, 130 Mo. App. 368; Hof v. Transit Co., 213 Mo. 470; Bray v. Seligman, 75 Mo. 40. (3) An error common to both parties furnishes no ground for a reversal.

Bielman v. Railroad, 50 Mo. App. 151; Waters v. School Dist., 59 Mo. App. 580. (4) A party cannot on appeal or writ of error, complain of an error committed by the trial court which he himself invited or ratified. Gregory v. Sithington, 54 Mo. App. 60; Waller v. Railroad, 59 Mo. App. 410; Harper v. Morse, 114 Mo. 31; Johnson-Brinkman Co. v. Bank, 116 Mo. 558; Drennan v. Dalncourt, 56 Mo. App. 128. (5) A point not presented in the trial court, and not passed on by that court, will not be considered in the appellate court. Burdoni v. Trenton, 116 Mo. 358; Rogers v. Gage, 59 Mo. App. 107. (6) In a statutory action for damages, if there be a failure of proof on the part of plaintiff, the defendant must in his motion for new trial point 'out the unproven facts, which render the verdict invalid. Lynch v. Railroad, 208 Mo. 1, 42, 44; Fox v. Young, 22 Mo. App. 386. (7) A cause must be disposed of on appeal upon the same theory as that assumed at the trial by the parties. Williams v. Lobban, 206 Mo. 407; St. Louis v. Wright & Co., 210 Mo. 502; Mitchell v. United Railways Co., 125 Mo. App. 11; Bank v. Zook, 133 Mo. App. 603; Brick Co. v. Railroad, 213 Mo. 727. (8) Parties cannot lie by and, trying a case presumingly or apparently on one theory, spring a vital point and endeavor to introduce for the first time in this court an entirely new line of defense. Justice does not lie that way. Nicket v. Railroad, 135 Mo. App. 670, 671. (9) Sec. 7842 was originally enacted in 1891. Every case decided by the appellate courts, and they are many construing this act from Lore v. Mfg. Co., 160 Mo. 608, to Lohmeyer v. Cordage Co., 214 Mo. 685, have held by necessary implication at least that the notice provided for in section 7842 did not in any way affect the defendant's civil liability under section 7828, and there is no case to the contrary. (10) The mere fact that a factory has been inspected is of no significance whatever unless it is proposed to further show in some way some fact of

material importance.   McGinnis v. Printing Co., 122
Mo. App. 228; Parker v. Holland, 115 Mo. App. 681.
(11)   In Missouri an employee does not assume risks
incident to the negligence of his employer (Curtis v.
McNair, 173 Mo. 270), and for a stronger reason does
not assume the risk of working about devices which
the employer has not safeguarded as required by stat-
ute, even though the employee is aware of their con-
dition.   Brannock v. Railroad, 147 Mo. App. 316; Mc-
Ginnis v. Printing Co., 122 Mo. App. 227.   (12)   It is
only in a case concerning which reasonable men can
not fairly differ that the court may declare a plaintiff
guilty of contributory negligence as a matter of law.
Coombs v. Kirksville, 134 Mo. App. 645, 649; Nagel
v. Railroad, 75 Mo. 653; Hulin v. Railroad, 92 Mo.
440.

ROBERTSON, P. J.—Plaintiff sued the defend-
ant in the circuit court of Greene county to recover
the sum of $5000 on account of personal injuries re-
ceived in the plant of the defendant in Springfield, by
reason of getting his left hand caught in an unguarded
cogwheel of certain machinery called a ''rattler,'' then
being operated by the defendant in its said plant, while
placing oil in an oil cup in close proximity to the said
cogwheel, and recovered judgment to the amount of
$1602.50.   The plaintiff based his petition upon section
7828, Revised Statutes 1909.   At the conclusion of the
testimony the issues were submitted to the jury under
that section of the statute, and also on the question
of contributory negligence on the part of the plaintiff.

The case was tried in the circuit court on July 14,
1911.   Appellant filed its brief in this court on March
4, 1912, assigning as error the refusal of defendant's
requested instruction in the nature of a demurrer to
the evidence offered at the close of all of the testi-
mony because, as it is said, the plaintiff did not prove
that any notice had been given to the defendant by the

State factory inspector, or his assistant, to put guards over the cogwheels, which notice, it is contended, is essential to put into operation said section 7828. The only other assignment of error contained in appellant's brief is on the giving of plaintiff's instruction numbered one, which alleged error aims at the same point.

Appellant, under the points and authorities in its brief, insists that the accident complained of is the result of the contributory negligence of the plaintiff, but as that is, in this case, a question for the jury upon which they were required to and did pass, under full instructions on the question in behalf of the defendant, it is unnecessary for us to discuss the weight of the evidence.

I am of the opinion that it is not necessary for us to decide whether or not the statute changes the ordinary rule of contributory negligence, because this is a case, I think, in which a court should not hold as a matter of law that the plaintiff was guilty of contributory negligence, irrespective of any statutory provisions providing for the protection of the machinery. The defendant alleges the contributory negligence on the part of plaintiff to be that "he had upon his left hand a pad consisting of an old piece of belting with a slit cut in one end of the same and slipped over his hand and hanging from his left wrist, and that while plaintiff was oiling said rattler he carelessly, negligently and needlessly allowed said pad, dangling from his wrist as aforesaid, to become caught in the cogs of the rattler, drawing it into same and drawing his left hand in after it;" and also that plaintiff could have shut the power off and stopped the rattler and could have removed the pad from his hand. There was testimony tending to prove that the pad was not dangling from plaintiff's left wrist, but that he had it on his hand as used by all of defendant's employees to protect their hands in working with the iron in defend-

ant's plant. The jury and the trial court were shown the size of the pad and how it was adjusted on the hand. Clearly to me on this point the question of contributory negligence was properly submitted to the jury. The proposition of the propriety of removing the pad, so far as can be gathered from the record, or shutting off the power were also, I think, questions for the jury, irrespective of the statute concerning guards. Entertaining these views, I consider any remarks relative to the effect of the statute on the question of contributory negligence outside the questions of law involved here and shall for that reason refrain from a further discussion of that point.

At the time this case was tried, it is evident that the appellant was cognizant of the opinion of the Supreme Court of this State in the case of Williams v. Railroad, 233 Mo. 666, 136 S. W. 304, holding that the above section of the statute did not become effective until after notice was given, and the appellant has based its right to reversal by this court principally upon that proposition. However, in the case of Simpson v. Witte Iron Works Co., ——S. W.——, the Supreme Court in Banc unanimously overruled the Williams case, supra, upon the question of notice and held section 7828 effective without the notice mentioned in section 7842. Therefore, it is our duty to affirm the judgment of the circuit court which is accordingly done. *Sturgis, J.,* concurs in separate opinion. *Farrington, J.,* not sitting.

## SEPARATE CONCURRING OPINION.

STURGIS, J.—I concur in the result reached in this case. The case of Simpson v. Witte Iron Works, ——S. W.——, recently decided by our Supreme Court and not yet reported, is decisive on the principal point raised by this appeal. The only other point pressed

for decision is that the evidence conclusively shows that plaintiff is guilty of contributory negligence preventing his recovery in this, that the danger and result of letting plaintiff's hand come so close to the cogwheels in question as to get caught was apparent and appreciated by plaintiff, and that nothing but inattention, thoughtlessness or absorption in his work could have caused his hand to come in contact with such wheels. This is true regardless of whether the pad on his hand had anything to do with his hand being caught or not. It is apparent that a slightly higher degree of care on his part would have prevented his injury.

If plaintiff's conduct is to be judged by the same standard of what constitutes contributory negligence required prior to and in absence of the statute, section 7828, requiring such machinery to be safely guarded or notice of the danger to be posted, then it would be hard to distinguish this case from the line of cases holding such conduct to be contributory negligence as a matter of law. [Smith v. Box Co., 193 Mo. 715, 92 S. W. 394; Dressie v. Railroad, 145 Mo. App. 163, 129 S. W. 1012; Czernicke v. Ehrlich, 212 Mo. 386, 111 S. W. 14; Sanborn v. Railroad, 10 Pac. (Kan.) 860; Buttle v. Box Company, 56 N. E. (Mass.) 583.

While it is held in Huss v. Bakery Co., 210 Mo. 44, 54, 108 S. W. 63; Dressie v. Railroad, supra; Millsap v. Beggs, 122 Mo. App. 1, 7 and 11, 97 S. W. 956, that plaintiff may be guilty of such contributory negligence as bars a recovery even in cases where by statute the machinery should be, but is not guarded, yet I do not understand such cases to hold that plaintiff's conduct as bearing on contributory negligence is to be measured by the same standard of care or, more accurately, that such standard rests on the same basis in cases covered by the statute as it would be if such statute did not exist. In the case last cited, the court, in speaking of the provision of the statute requiring notices of the danger to be posted in case the machin-

ery cannot be guarded, said: "The notice was intended to operate as a continuous reminder of the danger. Otherwise, it could be posted for a day and then torn down. The statute, recognizing that trait in human nature to become inattentive to danger by constant presence with it, required this continuous notice as a protection against what might, *in ordinary respects,* be termed the servant's carelessness. We, of course, do not say that the servant could not be so careless as to cause him to lose his right to hold the master liable for injury where no notice was posted. As already stated, he could be guilty of such negligence in some circumstances, as would deprive him of a right of action. But we do hold that *in all cases the statute must be allowed to count for something,* and to that end it should enter into consideration in determining whether there was culpability on the servant's part. If the servant's fault is to be determined by the *usual rules* applicable where there is no statute, then the enactment of the statute was well-nigh useless. The true question in such cases is: Would the servant have acted in the careless manner he did act if the reminding notice required by the law had been conspicuously before him? Or, stated in another way, should his conduct, in the circumstances, be denominated careless conduct? The notice, as already intimated, is required in recognition of a failing in human nature, and not being posted, one is apt to become unmindful of a danger which a constant warning might have caused him to avoid."

Suppose the case, as here, is one where guards can be placed and the defendant is required to guard the machinery rather than post the notices. What then takes the place of the "continuous notice as a protection against what might, in ordinary respects, be termed the servant's carelessness," or the "constant warning in recognition of a failing in human nature?" Certainly the servant is not held to the use of a higher

degree of care where there should be, but are not, guards than he is where there should be, but is not, a posted notice. The same statute, having the same purpose, covers both contingencies. If the statute in the one case, where notices should be posted and are not, recognizes and excuses this weakness of human nature in becoming inattentive to danger by reason of its constant presence, then it also recognizes and excuses this weakness where guards should be placed and are not.

The purpose and effect of this statute in modifying the rule of contributory negligence in cases covered by it by adding a new element to be considered is pointed out in the able dissenting opinion of WOODSON, J., in Huss v. Bakery Co., supra, and while his remarks were held not applicable to the particular facts and instruction under discussion in that case, I think the law is there correctly stated and is applicable to this case as follows (page 72): "This instruction of defendant is based upon the theory that the common law prescribed the standard of duty the defendant owed the plaintiff in this case. That is not the law. Section 6433 prescribed a much higher degree of duty to be exercised by defendant towards the plaintiff than did the common law. Under the common law the defendant was required to furnish plaintiff only a reasonably safe place in which to work and reasonably safe means with which to perform his duties, while the statutes require the defendant to safely and securely guard the gearing when possible; and, if impossible, then to conspicuously post a notice calling attention to the dangers. As a corollary to that *increased* duty of defendant, the care of the plaintiff was correspondingly *decreased* and the jury should have been told so in no uncertain words."

This proposition of law also finds recognition in the latest decision of the Supreme Court, Simpson v. Witte Iron Works, supra, where it is said: "We think, therefore, that the lawmakers in conditioning the duty

to guard upon the phrase quoted meant thereby that it should attach when the 'belting, etc.,' should be so placed in a factory that its normal operation would injure any employee who should approach near enough to be caught by its force or subjected to its activity. Such accidents are likely to happen to employees who are *engrossed in work* near such machines unless they are protected from the workings of the machinery by safe and secure guards. This thought is expressed with clearness, force and completeness by Woodson, J., in the dissenting opinion of Huss v. Bakery Co., 210 Mo. l. c. 67 and 68, to-wit: 'The Legislature knew that the human mind and conduct was such that a servant when in the performance of his duties to his master, surrounded by dangerous machinery, in motion, with his mind concentrated upon his work, oblivious to his surroundings, is liable to slip or take a misstep and fall into the revolving machinery, or *thoughtlessly thrust his hand* or other portion of his body into the gearing or other portion of the machinery; and if not 'safely and securely guarded,' he would in consequence thereof receive injuries of a serious character.' ''

This case is therefore to be distinguished from the line of cases cited by appellant holding that the servant in somewhat similar circumstances, but where the statute did not apply, was guilty of contributory negligence as a matter of law; and the trial court did right in not directing a verdict for defendant on that ground.