[No. 2,419.]

## JOHN T. BAXTER *v*. M. R. ROBERTS.

RISKS EMPLOYE TAKES ON HIMSELF. — One who contracts to perform labor for another takes upon himself such risks only, as are necessarily and usually incident to the employment.

EMPLOYER BOUND TO TELL EMPLOYE OF RISKS IN EMPLOYMENT.—If the employer has knowledge that the particular employment is, from extraneous causes, hazardous or dangerous to a degree beyond what it fairly imports or is understood by the employé to be, he is bound to inform the employé of

the fact, and if he fails to do so, he is liable to the employé for such damages as he sustains by reason of such causes.

Idem. — The above principle is not affected by the fact that the danger known to the employer arises from the felonious or tortious designs of third persons, acting in hostility to the employer.

Idem.—The employé is entitled to all the information the employer may possess, with regard to the danger of the employment, arising from extraneous causes, to enable him to determine for himself whether, at the proffered compensation, he will assume the risk and incur the hazard.

Appeal from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff recovered judgment for the sum of two thousand dollars, and the defendant appealed.

The other facts are stated in the opinion.

*McAllister & Bergin,* for Appellant.

Roberts should not be made liable for the unjustifiable, illegal, and criminal shooting of plaintiff by third parties, with whom he had no connection.

The cases wherein the master has been held liable for knowingly or carelessly exposing his servant to a positive danger, of which the servant had no warning or notice, are plainly distinguishable from this case. (*Noyes* v. *Smith*, 28 Vermont, 59.)

Of this case the District Judge, in refusing the motion for nonsuit, said: "It was the most satisfactory case in favor of plaintiff that he could find." (*Cayzer* v. *Taylor*, 10 Gray, 274; *Holmes* v. *Clarke*, 6 Hurl. & Norman, 348; *Ryan* v. *Fowler*, 24 New York, 410; *Buzzel* v. *Laconia Manufacturing Co.*, 48 Maine, 113; *Riley* v. *Baxendale*, 6 Hurl. & Norman, 445; *Warner* v. *Erie Railway*, 39 New York, 468; *Loonan* v. *Brockway*, 3 Robertson, 74; *Clarke* v. *Holmes*, 7 Hurl. & Norman, 937; *Roberts* v. *Smith*, 2 Hurl. & Norman, 213; *Keegan* v. *Western Railroad Corporation*, 8 New York, 175; Addison on Torts, 180.)

The sum of all the authorities is, that the master must in

all cases indemnify his servant for losses or injuries caused by his (the master's) want of ordinary care. (New York Civil Code, Art. 1007; *Ormond* v. *Holland*, 96 Eng. Com. Law, 102.)

The employment must be the cause, and not merely the occasion, of the loss or damage, to entitle the employé to reimbursement from the employer. (Story on Agency, Sec. 341; Story on Contracts, Sec. 176; *Moore* v. *Appleton*, 26 Alabama, 637, 638.)

The defendant, Roberts, had a right to presume that any squatters who had possession or control of the premises he proposed to enter upon would act legally. The case would have been different had he exposed his employé to violence from an insane person or a ferocious animal. (Matthews' Presumptive Evidence, 26, 27, 28, 29; Addison on Torts, 184, 185.)

*Quint & Hardy,* for Respondent.

The general principle that any fraudulent conduct of another, which occasions injury to the plaintiff, is actionable, without regard to the novelty of the case, is well settled. (*Pasley* v. *Freeman,* 2 Smith L. C. 152; *Yates* v. *Joice,* 11 Johnson's R. 136; *Sheldon* v. *Sheldon,* 13 Johnson's R. 220; *Wardell* v. *Fosdick & Davis,* 13 Johnson's R. 325; *Monell* v. *Colden,* 13 Johnson's R. 399; *Adams* v. *Paige,* 7 Pickering, 542; *Chisolm* v. *Gadsden,* 1 Strobhart, 222; Bishop's Crim. Law, Vol. 1, Secs. 17, 18, 19, 1098.)

It is one of the fundamental principles of the law that damages resulting from fraud, deceit, or malice, always furnish a good cause of action.

It is the duty of the master to use proper care and not expose his servant to extraordinary risks which the servant could not reasonably anticipate. (Sherman & Redfield on Negligence, Sec. 93; *Davis* v. *England,* 10 Jur. [N. S.] 1235;

*Vose* v. *Lancashire and Y. R. Co.*, 2 Harlst. 1 N. 728; *Haynes* v. *East Tenn. R. Co.*, 3 Caldw. 222.)

Again: The master is bound to use ordinary care and diligence to provide sound and safe materials and accommodations for his servants. (Sherman & Red. on Negligence, Sec. 92; *Buzzel* v. *Laconia Mfg. Co.*, 4 Maine, 113; *Braydon* v. *Stuart*, Macq. H. L. 30; *Chicago R. Co.* v. *Sweet*, 45 Ill. R. 197; *Ryan* v. *Fowler*, 24 N. Y. R. 410; *Reegan* v. *Western R. R. Co.*, 8 N. Y. 175; *Noyes* v. *Smith*, 28 Vt. R. 59; *Mc-Gartrick* v. *Wason*, 4 Ohio St. 566; *Ogden* v. *Rummens*, 3 Fost. & F. 750; *Webb* v. *Bennie*, 4 ib. 608.)

By the Court, WALLACE, C. J.:

This action was brought by Baxter, who is a carpenter by occupation, to recover damages from the defendant for certain injuries sustained by the former by reason of a gunshot wound received by him at the hands of some third and unknown party or parties. Roberts was the owner of a certain lot in San Francisco, covered by water, and lying upon the southerly side of Seventh street, and which had been inclosed by him with a fence, and he employed the plaintiff to go with him upon these premises and perform labor there as a carpenter. Upon reaching the lot in a boat, the plaintiff and another employé, in company with the defendant, commenced to tear away some boards from a fence newly erected thereon, and which ran across the northerly corner of the lot to Seventh street, when the party were fired upon from a house or shanty situate upon a neighboring lot to the west of the Roberts lot, and the plaintiff was shot through the joint of the left shoulder with a rifle ball, which carried away portions of the bone, causing him great physical suffering, of course, and, in the opinion of his medical attendant, maiming him for life.

The evidence upon the part of the plaintiff tended to

show, and the verdict of the jury upon the issues joined must be considered to have found the fact to be, that when the defendant engaged the services of the plaintiff to work upon these premises, and took him there in the boat for the purpose of performing the labor, the defendant knew or had information such as would reasonably lead him to believe that his interference with the newly-erected fence would be forcibly resisted by certain other parties who had erected it and claimed to be in its possession, and who actually occupied the shanty already referred to, with loaded firearms, within shooting range of this fence, and who had announced to the defendant their purpose to resist by force any interference therewith.  The verdict must be considered, too, to have found that such knowledge, belief, or information as the defendant possessed upon these matters was not communicated to, but was withheld by him from, the plaintiff, who went to the performance of the work in ignorance and without the apprehension or suspicion that, in going, he was thereby incurring any personal danger or hazard.

The learned Judge of the Court below stated to the jury that the "turning point in the case is the charge that the defendant, Roberts, employed the plaintiff, Baxter, to perform a service which he, Roberts, knew to be perilous, without giving Baxter any notice of its perilous character," and instructed them as follows:

"If Roberts knew, or if he had good reason to believe, that rigid or forcible resistance would be offered to him and his party by parties whom he knew or believed to be there, on that ground or in the vicinity near by, it was his duty to inform Baxter of the nature of the employment—to disclose to him that knowledge so that Baxter might act understandingly, and take the chances if he chose to do so.  If Roberts had such knowledge and concealed it from the plaintiff, then he is liable.

" If you find the persons shooting had any adverse possession or occupation, whether complete or otherwise, at the time of the shooting, and the defendant knew the fact, and if you further find that the defendant had knowledge that such possession would be maintained by force if interfered with by him by the taking of the 'new fence,' so called, and concealed such knowledge and information from the plaintiff and failed to inform him of the danger of the employment, he must be held liable in damages and you should find a verdict for the plaintiff."

That one contracting to perform labor or render service thereby takes upon himself such risks and only such as are necessarily and usually incident to the employment, is well settled. Nor is there any doubt that if the employer have knowledge or information showing that the particular employment is from extraneous causes known to him hazardous or dangerous to a degree beyond that which it fairly imports or is understood by the employé to be, he is bound to inform the latter of the fact or put him in possession of such information; these general principles of law are elementary and firmly established. They are usually applied to cases in which the employé has sustained injury by reason of some defect or unsoundness in the machinery or materials unknown to him about which he is employed to perform labor and of which the employer knew or might have known in the exercise of ordinary care and vigilance upon his part. The general principle which forbids the employer to expose the employé to unusual risks in the course of his employment, and to conceal from him the fact of such danger, is not affected by the fact that the danger known to the employer arose from the tortious or felonious purposes or designs of third persons acting in hostility to the interests of the employer and through agencies beyond his control. The employé is as clearly entitled to information of such known

danger of that character as of any other the existence of which is known to the employer. The employer, if he knew or was informed of a threatened danger of that character, was bound to communicate the information to his employé about to be exposed to it in the course of his employment and in ignorance of its existence. The nature or character of the agency or means through which the danger of injury to the employé is to be apprehended can make no difference in the rule, for the employé is entitled in all cases to such information upon the subject as the employer may possess, and this with a view to enable him to determine for himself if at the proffered compensation he be willing to assume the risk and incur the hazard of the business; and if the employer have such information or knowledge and withhold it from the employé and the latter afterwards be injured in consequence thereof, the employer is liable to him in damages therefor.

Judgment affirmed.

Mr. Justice Crockett did not express an opinion.