[No. 15502.    Department Two.—December 3, 1894.]

HENRY BJORMAN, Respondent, v. FORT BRAGG REDWOOD COMPANY, Appellant.

Negligence—Master and Servant—Defective Appliance—Negligence of Fellow-servant—Burden of Proof.—In an action for negligence by a servant against his master in maintaining a defective appliance, the fact that the injury to the plaintiff was caused by the negligence of a fellow-servant is an affirmative defense, and the burden of proof is upon the defendant to establish it, and not upon the plaintiff to prove that the injury was not caused by the negligence of the fellow-servant.

Knowledge of Danger from Defective Machinery or Appliance.—The employer is not exempted from liability for a defective or unsafe appliance, unless the employee knows, or ought to know, of the danger to which he is exposed by working near or with the defective machinery or appliance; and, in the absence of such knowledge, the employee is not chargeable with negligence because he does not abandon his employment, and cannot be said to have voluntarily exposed himself to such danger.

Id.—Question of Fact.—Whether the injury sustained by the plaintiff was caused by the negligence of a fellow-servant, or resulted from his own negligence, is a question of fact, and not of law.

ID.—ERRONEOUS INSTRUCTIONS—PRESUMPTION OF PREJUDICIAL ERROR—
ORDER GRANTING NEW TRIAL—DISCRETION.—Erroneous instructions as
to the burden of proof of the negligence of a fellow-servant, and as to
the knowledge of the danger of an unsafe appliance, will be presumed
to be prejudicially erroneous, and the court does not abuse its discretion in
granting a motion for a new trial for such errors, even though it may be
of the opinion that, had the instructions been so framed as to meet all
the requirements of the law, the verdict of the jury would have been
the same.

APPEAL from an order of the Superior Court of Mendocino County granting a new trial.

The facts are stated in the opinion.

*J. A. Cooper, T. L. Carothers,* and *C. E. Wilson,* for Appellant.

If error was committed by the court in giving instructions to the jury, such error was without injury, and therefore not ground for granting a new trial. (*Green v. Ophir etc. Mining Co.,* 45 Cal. 527; *Levitzky v. Canning,* 33 Cal. 305; *Clark v. Child,* 66 Cal. 90; *Robinson v. Western Pac. R. R. Co.,* 48 Cal. 424; *Woo Dan v. Seattle Electric Ry. etc. Co.,* 5 Wash. 466; *Carroll v. Centralia Water Co.,* 5 Wash. 613; *Benson v. Central Pac. R. R. Co.,* 98 Cal. 45; *Terry v. Sickles,* 13 Cal. 429; *Caulfield v. Sanders,* 17 Cal. 573; *Pico v. Stevens,* 18 Cal. 378; *Bradley v. Lee,* 38 Cal. 367; *Hisler v. Carr,* 34 Cal. 645; *People v. Burns,* 63 Cal. 615; *People v. Hope,* 62 Cal. 298. *Clark v. McCarthy,* 1 Cal. 454; *Pickett v. Sutter,* 5 Cal. 412; *Satterlee v. Bliss,* 36 Cal. 519; *Hughes v. Wheeler,* 76 Cal. 233; *Zumwalt v. Dickey,* 92 Cal. 158; Hayne on New Trial and Appeal, sec. 286.) The instruction which tells the jury that if the injury was caused by the brake on the defendant's car being defective or unsafe, and that if they should find that the plaintiff knew of such defect or unsafeness he could not recover, was proper. (2 Thompson on Negligence, 108; Shearman and Redfield on Negligence, sec. {4; *McGlynn v. Brodie,* 31 Cal. 379; *Wells v. Coe,* 9 Col. 159; Beach on Negligence, sec. 133; *Greenleaf v. Illinois Cent. R. R. Co.,* 29 Iowa, 14; 4 Am.

Rep. 181; *Wright* v. *New York Cent. R. R. Co.*, 25 N. Y. 566.)

*A. Morgenthal,* and *J. M. Mannon,* for Respondent.

Injury is presumed where error is shown, unless the contrary affirmatively appears. (Hayne on New Trial and Appeal, sec. 287.) The fifth instruction was erroneous, as it told the jury that the burden of proof was upon the plaintiff to show that the injury was not caused by the negligence of a fellow-servant. (*Conlin* v. *San Francisco etc. R. R. Co.*, 36 Cal. 404.) The twelfth instruction was erroneous, as it made the mere knowledge by the plaintiff of the defect or unsafeness of the car conclusive as against his right to recover, whereas such knowledge of the defect or danger is only a part to be considered by the jury as to his contributory negligence, or assumption of the risk occasioned thereby. (*Magee* v. *North Pac. Coast R. R. Co.*, 78 Cal. 436; 12 Am. St. Rep. 69; *Martin* v. *California etc. Ry. Co.*, 94 Cal. 330; *Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 267.) There is a broad distinction between knowing of the defect and knowing the danger. (*Colbert* v. *Rankin,* 72 Cal. 199; *Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 267.)

BELCHER, C.—The plaintiff brought this action to recover damages for a personal injury sustained by him, and alleged to have been caused by the negligence and gross carelessness of the defendant.

The case was tried, and the verdict and judgment were in favor of the plaintiff. The defendant moved for a new trial and its motion was granted, and, on appeal to this court, the order was affirmed. (92 Cal. 500.)

The case was again tried, and the verdict and judgment were in favor of the defendant. The plaintiff then moved for a new trial, and his motion was granted, and from that order the defendant prosecutes this appeal.

The motion was granted upon the ground that the

court had erred in giving to the jury two instructions, numbers five and twelve, at the request of defendant.

Instruction number five was as follows: "The plaintiff claims that the injury to his leg was caused by the negligence and carelessness of the defendant in having a brake upon its car that was defective and improperly constructed. I charge you that the burden is upon the plaintiff to prove by a preponderance of evidence that such injury was caused by the negligence of the defendant as claimed by plaintiff, and not by any one else, or by a fellow-servant of defendant, and, unless the plaintiff has so proven it, it will be your duty to find for the defendant."

One of the defenses set up in the answer was that the injury to plaintiff was caused by the negligence of a fellow-servant. This was an affirmative defense, and the burden was clearly upon the defendant to establish it. The instruction, however, seems to tell the jury that the burden was upon the plaintiff to prove primarily that the injury was not caused by the negligence of a fellow-servant. This, if so, was erroneous and misleading.

Instruction number twelve was in these words: "I charge you that the law also requires of the servant the use of ordinary care and watchfulness on his part to avoid danger or injury. And in this case, if you believe from the evidence that the injury to plaintiff was caused by the brake on the defendant's car being defective or unsafe, and that the plaintiff knew of such defect or unsafeness, or if, in the course of plaintiff's employment, he had the same means of knowledge concerning the said defects or unsafeness that the defendant had, and that it was the duty of the plaintiff to know of such defect by the exercise of ordinary care, and yet he continued in the employ of defendant, he cannot recover in this action."

This instruction wholly ignores a well-settled rule of law in regard to the liability of an employer in a case like that supposed. That rule is that the employer is

not exempt from liability unless the employee knows, or ought to know, of the danger to which he is exposed, by working with or near the defective machinery or appliances.   In the absence of such knowledge the employee is not chargeable with negligence because he does not abandon his employment, and he cannot be said to have voluntarily exposed himself to such danger.   (*Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 261; *Colbert* v. *Rankin*, 72 Cal. 197; *Gisson* v. *Schwabacher*, 99 Cal. 419.)

It is claimed, however, that, if the instructions above referred to were erroneous in the respects named, still the plaintiff was not injured by the errors, for the reason that under the evidence he was not entitled to recover in any event.   But whether the injury sustained by plaintiff was caused by the negligence of a fellow-servant, or resulted from his own negligence, was a question of fact and not of law.   (*Magee* v. *North Pac. Coast R. R. Co.*, 78 Cal. 430; 12 Am. St. Rep. 69; *Martin* v. *California Cent. Ry. Co.*, 94 Cal. 326.)

We cannot, therefore, say that the court abused its discretion in granting the motion, even though it felt "constrained to say, that, had the instructions been so framed as to meet all the requirements of the law, the verdict of the jury would have been the same."

Numerous other errors are assigned and urged by counsel for respondent, but they need not be considered. The order appealed from should be affirmed.

HAYNES, C., and TEMPLE C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.