JOSEPH TARNOSKI, APPELLEE, v. CUDAHY PACKING COMPANY, APPELLANT.

FILED SEPTEMBER 25, 1909. No. 15,591.

1. Trial: DIRECTING VERDICT. Where the evidence upon a question of fact material to the issue is conflicting, and such that reasonable minds might reach different conclusions, the question is one for the jury, and it is error for the court to direct a verdict. *Gillis v. Paddock,* 77 Neb. 504, followed.

2. Master and Servant: APPLIANCES: ASSUMPTION OF RISK. A servant does not assume the risk of injury arising from his master's having negligently furnished him an unsafe and defective working place, unless the servant knew of the unsafe or defective condition,

or ought by the exercise of reasonable care to have known of such unsafe or defective condition.

3. ———: ACTION FOR INJURY: DEFENSES: ASSUMPTION OF RISK: BURDEN OF PROOF. In an action for damages for personal injuries by a servant against his master grounded upon the latter's negligence, assumption by the servant of the risk of the injury other than that usually and ordinarily incident to his service is an affirmative defense, the burden of establishing which rests upon defendant.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Greene, Breckenridge & Matters,* for appellant.

*Lambert & Winters, contra.*

GOOD, C.

Plaintiff sued to recover for personal injuries sustained while employed 'by defendant as a painter in its South Omaha packing house. He alleges that defendant negligently assigned him to a certain dressing room wherein to change his clothes mornings and evenings; that the floor of said dressing room was rotten, unsafe and dangerous, and that he was injured by said floor giving way and precipitating him into a hole therein. Defendant denied negligence, and alleged that it was unnecessary for plaintiff to use that part of the premises where he was injured; that the unsafe and dangerous condition of the premises was open, obvious and known to defendant; that defendant assumed the risk of the injury, and was negligent in his use of the premises. The affirmative allegations of the answer were traversed by the reply. Plaintiff had judgment, and defendant has appealed.

From the record it appears that plaintiff was employed as one of a gang of painters in defendant's packing plant; that it is necessary, or at least desirable, before commencing work in the morning that the painters change their ordinary clothing for other clothing suitable for their work, and to again change at the close of their day's work.

A certain part of the premises was assigned to the plaintiff and the other painters as a dressing room. This so-called dressing room was located over certain machinery which was inclosed or boxed in. The top of the box arrangement inclosing the machinery formed the floor of the dressing room. This room was perhaps 20 to 25 feet from east to west and 30 to 40 feet long from north to south. Just above the floor of the dressing room and passing from east to west were certain pipes and beams. A number of the painters had boxes or lockers in this dressing room in which they stored their clothing and lunches. A part of these were on the north side and part on the south side. It also appears that they usually ate their noonday meals in this so-called dressing room. Plaintiff usually changed his clothes and ate his lunch on the north side of the room. There were no windows in the dressing room. The only natural light was afforded by a combination ventilator and skylight, but the glass in this had become smoky and dirty, and afforded but little light. There were electric lights suspended from the ceiling of the main room, but most, if not all, of these lights were lower than the floor of the dressing room, and afforded but little light therein. On the morning of November 5, 1906, after plaintiff had been employed by defendant for about six weeks, he changed his clothing as usual on the north side of the dressing room, and started to leave the dressing room, and was in the act of passing from the north side over the pipes and beams to the south side when some of the boards of the floor gave way and precipitated him into a hole, whereby he received the injuries complained of.

Defendant contends that the undisputed evidence shows that the floor on the north side of the dressing room was rotten, weak, full of holes, and was openly and obviously unsafe and dangerous; that plaintiff had been warned not to use the north side of the room or to go on the north side because of its unsafe condition; that he knew of the unsafe and dangerous condition of the floor on the north side on the morning of November 5, when he was injured.

and that plaintiff thereby assumed all risk of the injury in using that side of the dressing room under the circumstances. It is undisputed that the floor was in an unsafe and dangerous condition, and there is evidence tending to show that plaintiff had been warned and knew of the unsafe condition and the danger in using that part of the dressing room, and that the unsafe and dangerous condition was obvious to a person of ordinary intelligence. Upon the other hand, there was evidence which tended to show that, by reason of the lack of light, the dangerous and unsafe condition of the floor was not obvious and was not readily discernible, and the defendant denies that he had ever been warned not to use the north side of the dressing room, and claims that he had never been informed and did not know that it was dangerous or unsafe. There was a conflict in the evidence, and the question was properly for the jury. It was therefore proper for the trial court to refuse to direct a verdict for the defendant.

Defendant complains of the refusal of the trial court to give the sixth instruction requested by it. The material part of the instruction is as follows: "The Cudahy Company may permit the use of a portion of its premises to be used by the painters' gang as a dressing room, and if the dangerous or defective condition of such place was known by plaintiff, *or if he had an opportunity to ascertain such condition,* the defendant could not be held liable." This does not correctly state the rule. The question is not properly whether the plaintiff had an opportunity to ascertain the defective and unsafe condition, but whether he knew of such condition or by the exercise of reasonable care ought to have known of such condition. The correct rule was given by the court in the fifth paragraph of its charge.

Defendant complains of the fourth instruction given by the court on its own motion. The part of the instruction complained of is as follows: "But the burden of proof is upon the defendant to satisfy you by a preponderance of the testimony that the said Tarnoski knew, or by

the exercise of reasonable care ought to have known, of the dangerous condition of said premises." Defendant appears to insist that the risk was incident to plaintiff's employment, and under a general rule, well established by this and other courts of last resort, the risk of injury was assumed by the plaintiff. There is no question as to the rule contended for, but we do not think it applicable in the instant case. The rule is well established that the master must use reasonable care to provide a reasonably safe working place for his servants. A servant assumes the ordinary risks and danger incident to his employment, but he does not assume the risk of danger due to his master's negligence in his failure to furnish him a reasonably safe place to work. *Grimm v. Omaha Electric L. & P. Co.*, 79 Neb. 387. If plaintiff's evidence is worthy of credence, and the jury found that it was, he had no knowledge or information that the floor was defective or dangerous, and he had no reason to expect or anticipate that he was in any danger from using the north side of the dressing room, and he did not by reason of his employment assume the risk of injury by reason of the unsafe and defective condition of the floor which was unknown to him. Defendant contends that the burden of proof was upon the plaintiff to show that he did not know, or that by the exercise of reasonable care he ought not to have known, of the dangerous and defective condition of the floor. Whatever the rule may be in other jurisdictions, it is not the rule in this state. The injury did not arise from a risk usually and ordinarily incident to plaintiff's service. In an action by a servant against his master, if the latter for a defense relies upon an assumption of a risk that is not usually and ordinarily incident to the plaintiff's service, the master must specially plead assumption of risk. *Maxson v. Case Threshing Machine Co.*, 81 Neb. 546. It follows that, if the defendant must plead the assumption of risk, then the burden of proof rests upon him to establish it. In *Grimm v. Omaha Electric L. & P. Co., supra*, it was held that a servant by his contract of

employment assumes the ordinary risks and dangers incident thereto, but that he does not assume the risk of dangers due to his master's negligence, and in the opinion it is said that the burden of proof is upon the defendant to establish such defense. See, also, *New Omaha T.-H. E. L. Co. v. Dent*, 68 Neb. 674; *Evans Laundry Co. v. Crawford*, 67 Neb. 153.

The defendant also complains that the court erred in refusing to give the second and third instructions requested by it. An examination of the court's charge to the jury discloses that the substance of these instructions was included in the third paragraph of its charge. The same instructions having already in substance been given to the jury, it was not error to refuse those requested.

We find no reversible error in the record, and therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.