# CASES DETERMINED

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1913.

WILLIAM D. TULLY, ADMINISTRATOR, APPELLEE, V. GRAND ISLAND TELEPHONE COMPANY ET AL., APPELLEES; FAIRMONT CREAMERY COMPANY, APPELLANT.

FILED JANUARY 16, 1913. No. 16,877.

1. **Master and Servant**: ASSUMPTION OF RISK. One who contracts to perform labor for another takes upon himself the assumption of such risks only as are necessarily and usually incident to the employment.

2. ——: ——: DUTY OF MASTER. If the employer has knowledge that the particular employment is, from extraneous causes, hazardous or dangerous to a degree beyond what it fairly imports or is understood by the employee to be, he is bound to inform the employee of the fact, and, if he fails so to do, he is liable to the employee, or his representatives, for such damages as may result by reason of such cause.

3. **Pleading**: SUFFICIENCY AFTER TRIAL. It was alleged in the petition, in substance, that plaintiff's intestate, an employee of defendant, was killed by coming in contact with a broken guy wire, heavily charged with electricity, near defendant's place of business, and in the line or track which defendant's employees usually traveled in entering and leaving their place of employment; that defendant knew of the dangerous condition of the wire, but negligently failed to and omitted to remove the danger or warn the decedent of its existence, and the death resulted without negligence on the part of the decedent. *Held*, That when attacked for the first time after judgment, the petition would be liberally construed, and held to state a cause of action.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. *Affirmed.*

*R. R. Horth* and *Greene, Breckenridge, Gurley & Wood-rough*, for appellant.

*O. A. Abbott, A. G. Abbott, W. H. Thompson, Charles G. Ryan, F. W. Ashton* and *B. H. Paine*, contra.

REESE, C. J.

Plaintiff, as administrator of the estate of Stewart E. Tully, deceased, brought suit in the district court against the Grand Island Telephone Company, the Grand Island Electric Company, and the Fairmont Creamery Company, corporations, for damages resulting from the death of Stewart E. Tully; said death being caused by the alleged negligence of defendants. Issues were joined, a trial had, when the jury returned a verdict in favor of plaintiff and against all defendants for $2,000. No motion for a new trial was filed by either the telephone or electric company. A motion was filed by the creamery company, but was stricken from the files because not filed within the time prescribed by law, when judgment was rendered against all defendants for the amount of the verdict. The creamery company appeals.

Among the errors assigned was that of the action of the district court in striking the motion for a new trial from the files. That ruling was reviewed by this court, and the decision is reported in 87 Neb. 822; the order of the district court being affirmed.

There remains but one question for decision, which is: Do the allegations contained in the petition state facts sufficient to constitute a cause of action against the appellant, the creamery company? The petition is of considerable length, and its substance only will be here stated. It is alleged that the electric company had its wires of very high voltage strung upon the poles in the streets of the city of Grand Island; that the telephone company also had its wires similarly placed in close and dangerous proximity to the wires of the electric company,

and that in so placing their wires both were negligent; that, at a place near the building occupied by the creamery company, there was a guy wire attached to the pole occupied by the two defendants; that the guy wire came in contact with the wires of said defendants, by which it became heavily charged, the lower end thereof becoming released, and the wire dropping upon the street; that early in the morning the decedent, being in the employ of the creamery company, while passing into the place of business of that company, came in contact with the suspended wire, received a shock therefrom, and was killed. That a cause of action was stated against the other two defendants is not questioned, and the averments need not be repeated here, except as may become necessary to an understanding of those which refer to appellant creamery company. There is some discussion of the evidence in the briefs; but, as we are precluded from consulting the bill of exceptions, the case must stand or fall upon the allegations of the petition alone. It is alleged that the decedent was in the employ of the creamery company; that the fallen wire was lying on the sidewalk and in the street near the building and place of business of that company; that said company employed a large number of employees, and operated its plant night and day; that the decedent was employed by it to work nights; that it was his duty to report in the morning when going off duty; that it was the duty of the company to provide a safe place in which its employees were to work, and provide safe exit from and entrance to its place of business; that, well knowing that its employees and others necessarily used the street and sidewalk, where the wire was suspended, in going to and from its place of business, it carelessly and negligently allowed the said heavily charged wire to hang near the corner of its building down onto its sidewalk and the street, and to lie coiled upon the sidewalk and on the street, directly in the path of persons and employees using the same, and well knowing that the wire carried the heavy current of electricity, dangerous to

49

human life, and likely to endanger the life of any employee or workman who came in contact therewith, it carelessly and negligently failed and omitted to provide against said danger, either by removing the wire, or warning decedent of the presence of the same or of the danger therefrom; that the said Stewart E. Tully, while in the act of returning to said building to report "off duty," without fault or neglect on his part, came in contact with said wire and was killed, owing to the neglect of said creamery company and its codefendants.

It is provided in section 121 of the code that, "in the construction of any pleading, for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties." The rule of the statute is given its full effect where the contention is made for the first time after the judgment, or in the supreme court. *Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb. 198; *Chambers v. Barker*, 2 Neb. (Unof.) 523; *Sorensen v. Sorensen*, 68 Neb. 483; *Nebraska Nat. Bank v. Hallowell*, 63 Neb. 309; *Latenser v. Misner*, 56 Neb. 340; *First Nat. Bank v. Tompkins*, 3 Neb. (Unof.) 334. Applying this well-known rule to this case, it appears from the petition that the instrument of death was near to and practically adjoining defendant's place of business, and where it was known to defendant that its employees would have to pass and repass in going to and from the entrance to the building, and that defendant knew of the danger and the exposure of its employees to it, but negligently failed and omitted either to remove the wire or warn its employees of their danger, and, by reason of its failure so to remove the danger or warn decedent of its existence, the decedent was killed.

It is true, as a general proposition, that a defendant cannot usually be held liable for accidents caused by the acts or omissions of others over which he has no control, but a different rule must be applied where the instrument of danger is within such close proximity to his place of

business as to be a menace to his employees, if he has knowledge of the danger and fails to seek its removal or warn his employees against it. In *Baxter v. Roberts*, 44 Cal. 187, 192, it is said: "That one contracting to perform labor or render service thereby takes upon himself such risks and only such as are necessarily and usually incident to the employment, is well settled. Nor is there any doubt that, if the employer have knowledge or information show-ing that the particular employment is from extraneous causes known to him hazardous or dangerous to a degree beyond that which it fairly imports or is understood by the employee to be, he is bound to inform the latter of the fact or put him in possession of such information; these general principles of law are elementary and firmly established." Other cases might be cited to the same effect, but it is not deemed necessary.

Under the well-known rule for the construction of pleadings in such cases, it must be held that the aver-ments of the petition are sufficient to constitute a cause of action.

The judgment of the district court is therefore

AFFIRMED.