## TILLIE FORTNEY, Respondent, v. MARBLEHEAD LIME COMPANY, Appellant.

Springfield Court of Appeals, July 28, 1913.

1. **PLEADING: Amending Petition: Error Waived.** The defendant, by answering over, waives any error committed by the court in permitting an amendment to the petition during the trial.

2. **MASTER AND SERVANT: Appliances: Instructions In Use of: Liability.** The superintendent of a lime manufacturing company put to work at the top of the kilns an inexperienced employee, with instructions to throw the surplus rock at the dump in the kilns back to the unfilled portion thereof, but did not instruct him as to the use of rods there which might have been used for that purpose nor warn him as to the dangers from escaping gas. *Held*, that the mere fact that the employer had supplied such rods, which, if used, would have prevented the injury to the employee, did not relieve the employer from liability for the death of the employee occasioned by escaping gas.

3. ———: Hidden Dangers: Master's Duty to Inform Servant of. Where there are hidden dangers, known to the master and unknown to the servant, it is the duty of the master to notify the servant. of their existence.

4. ———: Contributory Negligence. Contributory negligence as a matter of law cannot be charged against an employee working at the top of lime kilns, merely because he experienced peculiar sensations from inhaling gas which was escaping, when on account of his inexperience he was not cognizant of the danger and continued to work as he was directed, as he had a right to assume that no fatal results would follow.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

(1) The court erred in permitting the amendments to the petition. They constitute a departure. Purdy v. Pfaff, 104 Mo. App. 331; Ross v. Cleveland Co., 162 Mo. 317; Frese v. Meyer, 143 Mo. 457; Jones v. Cooperage Co., 140 Mo. App. 330. (2) Proper implements were furnished and full duty of defendant discharged. Thornberry v. Mining Co., 126 Mo. App. 660; Pholman v. American Co., 123 Mo. App. 219; Shores v. Bridge Co., 111 Mo. App. 298. (3) If deceased was directed to work in the kilns and if such work was in itself dangerous, the danger was so palpably and strikingly obvious, that no liability attached to defendant. Jones v. Cooperage Co., 134 Mo. App. 329; Knorp v. Wagner, 195 Mo. 637; Beasley v. Transfer Co., 148 Mo. 413; Bradley v. Railway, 138 Mo. 293; Lee v. Railroad, 112 Mo. App. 372; Haviland v. Railroad, 172 Mo. 106; Leitner v. Grieb, 104 Mo. App. 173; Pohlman v. Car Co., 123 Mo. App. 219; Roberts v. Tel. Co., 166 Mo. 379; Holmes v. Brandenbaugh, 172 Mo. 65. (4) Even if deceased was directed to work in the kilns, and if such work was dangerous, such

danger was incident to the business, and the risks were assumed by the deceased. Leitner v. Grieb, 104 Mo. App. 173. (5) This Court will take judicial notice of the existence of those physical facts and of those natural laws, with which we invoke against the deceased. The deceased was presumed to have known them and the failure to observe them constitutes contributory negligence. Bank v. Salmon, 201 Mo. 136; State v. Railroad, 212 Mo. 658; Black v. Railroad, 217 Mo. 672.

*Hamlin & Seawell* for respondent.

(1) The amended petition did not change the cause of action. Edge v. Railroad, 206 Mo. 471; Cotner v. Railroad, 220 Mo. 284; Farmington v. Tel. Co., 135 Mo. App. 697; Baxter v. Magill, 127 Mo. App. 392; Holland v. Railroad, 157 Mo. App. 476; Fasbinder v. Railroad, 126 Mo. App. 570. (2) It is contended that implements were furnished deceased with which to perform his work and that their use by him would have prevented his death. This is a question of contributory negligence and the jury's decision upon that question is final. Overby v. Mining Co., 144 Mo. App. 363; 21 Cyc. 517; Knarpp v. Wagner, 195 Mo. 659. (3) It is urged by appellant that deceased will be presumed to have known that gases were generated in the process of manufacturing the lime and therefore he was guilty of contributory negligence in continuing work in the face of this knowledge. A servant has the right to assume that a master will not place him at or near such a poisonous place without warning him of the danger. Knarpp v. Wagner, 195 Mo. 661; Overby v. Mining Co., 144 Mo. App. 363; (4) The servant never assumes the negligence of the master. Coin v. Lounge Co., 222 Mo. 488; George v. Railroad, 225 Mo. 364; McMurray v. Railroad, 225 Mo. 272; Dean v. Railroad, 199 Mo. 388; Sambo v. Railroad, 134 Mo. App. 460; Garcia v. Const. Co., 124

Mo. App. 709; Lawrence v. Heidbreder, 119 Mo. App. 316; Lee v. Railroad, 112 Mo. App. 372. (5) The duty to warn the servant and the rule as to contributory negligence and assumption of risk has been clearly declared by the courts of this state in cases where injury may arise from contact with poison or poisonous gases. Cunningham v. Railroad, 156 Mo. App. 617; Omans v. Packing Co., 151 Mo. App. 560; Timson v. Coal Co., 220 Mo. 594; Czernicke v. Ehrlich, 212 Mo. 386; Bennett v. Lime Co., 146 Mo. App. 565; Rigsby v. Oil Co., 115 Mo. App. 297; Lee v. Railroad, 112 Mo. App. 372; Lawrence v. Heidbreder, 119 Mo. App. 316; Garaci v. Const. Co., 124 Mo. App. 709.

ROBERTSON, P. J.—This action is prosecuted under sections 5426 and 5427, Revised Statutes 1909, by the plaintiff to recover for the death of her husband alleged to have been caused by the negligence of the defendant. She prevailed in the trial court and the defendant has appealed.

The defendant was engaged in the manufacture of lime and for that purpose used a number of kilns about forty feet in height and fifteen feet in diameter across the top. When ready to operate the kilns a quantity of wood about twenty-five feet in depth was placed in the bottom of each kiln and when the kiln was partially filled with limestone rock this wood was set on fire and the filling with rock continued. By means of a tramway the rock was conveyed to the top of the kiln and dumped in. When the kiln was filled at this dumping place it became necessary to have some employee shift the rock from there over into the unfilled portion of the kiln, which was done while the kiln was in process of burning.

Several witnesses testified that on various occasions, although long prior to the accident complained of here, they had been overcome by gas and heat from these kilns while undertaking to shift the rock. Wit-

nesses also testified that they had been assigned to this particular kind of work and were able to work at it only a few minutes at a time on account of the gas, and that the superintendent of the defendant was cognizant of that fact. The testimony in behalf of the plaintiff is to the effect that carbonic acid gas in dangerous quantities is generated from the kilns.

Plaintiff's husband was a farmer, inexperienced in this kind of work, and commenced work for the defendant on March 13, 1912. He was placed by the superintendent, without any warning of the dangers incident to the work, at the top of these kilns to throw back the rock from the point where they were dumped to the unfilled portion of the kilns, with instructions, implied at least, to continue to work there, which he did, during all of that day. There were four of the kilns being filled. When the plaintiff's husband went home that night he was unable to eat any supper and soon after the supper hour had passed he became sick and continued to grow worse until three days later, when he died.

Physicians testified in behalf of the plaintiff that in their opinion her husband died as a result of inhaling this gas, and those who testified for the defendant, in answer to questions hypothetically submitting the facts and circumstances leading up to the sickness and death of plaintiff's husband, stated that in their opinion his death was not caused as a result of inhaling of carbonic acid gas while performing the work of handling the rock at the top of the kilns.

The defendant assigns as error here the action of the trial court in permitting the plaintiff to amend her petition during the progress of the trial. At the time the amendment was made the defendant objected on the ground that it changed the cause of action. This objection was overruled, defendant excepted, filed its answer to the petition as amended and the trial proceeded. The defendant by answering waived any

error the court may have committed in permitting the amendment. [Scovill v. Glasner, 79 Mo. 449, 454; Liese v. Meyer, 143 Mo. 547, 556, 45 S. W. 282.]

It is contended here by the defendant that, it having provided for the employees an iron rod or poker for the shifting of these rocks, no liability could attach by reason of the death of plaintiff's husband in this case, because, if he had used the instrumentalities furnished him by the defendant, no harm would have resulted. There is no testimony that the deceased was instructed in the use of these rods or directed to use them for this purpose, and the undisputed testimony is that the superintendent of the defendant put the deceased to work at the top of these kilns with instructions to *throw* the rock back. Hence, the defendant cannot escape liability by simply showing that these rods were about its plant.

As above stated, there was testimony to the effect that other employees of the defendant had at times, long previous to this accident, been overcome by the gas and also testimony that at no time were the employees able to work on these rock piles at the top of the kiln but a few minutes at a time. All of these facts were brought home to the defendant and the jury may have properly found that at the time the husband of plaintiff was employed the defendant knew, or by the exercise of ordinary care could have known, of the dangers incident to working on top of the kilns.

The defendant insists that plaintiff's husband was guilty of contributory negligence and for that reason its requested peremptory instruction should have been given. Where there were concealed dangers, as the jury may have properly found in this case, known to the employer and unknown to the employee, it was the duty of the employer to notify the servant of their existence. It is equally well settled that although the plaintiff's husband may have experienced a peculiar sensation as the result of inhaling this gas, yet, if, by

reason of his inexperience, he was not aware of the danger of it and continued to work as he was directed and assumed, as he had a right to do, that no fatal results would follow, then he was not guilty as a matter of law of contributory negligence. [Szernicke v. Ehrlich, 212 Mo. 386, 395, 111 S. W. 14.]

There was no testimony in behalf of the defendant, other than that of two physicians, who testified that, under the facts disclosed by the testimony in this case, in their opinion the death of plaintiff's husband was not caused as a result of inhaling the gas.

There were only two instructions given in behalf of the plaintiff and nine instructions given for the defendant, all of which, in our opinion, fairly presented the law in the case. Upon these instructions the jury has passed on the facts and there being no reversible error in the trial of the case. the judgment is affirmed. All concur.