(January 8, 1920.)

## FRANCIS R. KANGAS et al., Respondents, v. NATIONAL COPPER MINING COMPANY, LIMITED, a Corporation, Appellant.

[187 Pac. 792.]

EMPLOYER AND EMPLOYEE—EXTRAORDINARY RISKS—EVIDENCE—BURDEN OF PROOF.

1. It is the duty of an employer to warn his employee of any extraordinary or unusual risk which renders perilous the place of employment, unless the latter already knows of it and appreciates the danger from it.

[As to the liability of master for injury to servant from unknown danger when he failed to inform him of known danger, see note in 4 A. L. R. 476.]

[As to the duty to warn and instruct servant employed in dangerous work, see note in 1 Am. St. 548.]

2. In the absence of a contract to the contrary, an employee does not assume extraordinary or unusual risks, nor will he be presumed to have contracted to hold his employer blameless for injuries resulting from causes of the existence of which he was not aware.

[As to the distinction between assumption of risk and contributory negligence, see notes in 18 Ann. Cas. 960; 98 Am. St. 314.]

3. The burden of proof is upon the employer to show that the employee was warned of a nonobvious and extraordinary risk, or that he knew of and appreciated the danger from it.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action for damages. Judgment was for plaintiffs and a new trial was denied. *Affirmed.*

James A. Wayne, for Appellant.

Where damages were occasioned by one of two causes, for one of which defendant is responsible, and for one of which the defendant is not responsible, the plaintiff must, before a recovery can be had, trace the damages to the cause for which

the defendant is responsible. (*Antler v. Cox,* 27 Ida. 517, 149 Pac. 731; *Ewing v. Goode,* 78 Fed. 442; *Spring Valley Coal Co. v. Patting,* 86 Fed. 433, 30 C. C. A. 168.)

The risks arising from conditions the existence of which is known to the servant, or by the exercise of reasonable care, could have been known to him, are assumed. (*Minty v. Union Pac. Ry. Co.,* 2 Ida. 471, 21 Pac. 660, 4 L. R. A. 409; *Drake v. Union Pac. R. Co.,* 2 Ida. 487, 21 Pac. 560; *Knauf v. Dover Lbr. Co.,* 20 Ida. 773, 120 Pac. 157; *Smith v. Potlatch Lbr. Co.,* 22 Ida. 782, 128 Pac. 546; *Coulston v. Dover Lbr. Co.,* 28 Ida. 390, 154 Pac. 636; 4 Labatt's Master & Servant, sec. 1313; 26 Cyc. 1177, 1180.)

No liability attaches to anyone for damages sustained by reason of an act of God or a force of nature, unless such person by his own wrongful act augments, diverts or accelerates such forces in such manner as to injure another. (*Axtell v. Northern Pac. Ry. Co.,* 9 Ida. 392, 74 Pac. 1075; *Lamb v. Licey,* 16 Ida. 664, 102 Pac. 378; *Mashburn v. St. Joe Imp. Co.,* 19 Ida. 30, 113 Pac. 92, 35 L. R. A., N. S., 824; *Miller v. Northern Pac. R. Co.,* 24 Ida. 567, Ann. Cas. 1915C, 1214, 135 Pac. 845, 48 L. R. A., N. S., 700; *Studebaker v. Northern Pac. R. Co.,* 24 Ida. 600, 135 Pac. 850.)

McFarland & McFarland, for Respondents.

In determining whether an employee of a mine injured by the falling of the roof where he was working was guilty of contributory negligence, the duration of his employment, his opportunity for examination of the roof, and the fact that the place was in common use by other employees at the time, should be taken into consideration. (*Union Pac. R. R. Co. v. Jarvi,* 53 Fed. 65, 3 C. C. A. 433.)

"An employee cannot be held to have assumed a risk due to defective appliance, although he knew the defect existed, if he did not know of the existence of the danger arising from it." (*Sumey v. Craig Mountain Lbr. Co.,* 31 Ida. 234, 170 Pac. 112; *Newman v. Great Shoshone etc. Power Co.,* 28 Ida. 764, 156 Pac. 111.)

MORGAN, C. J.—Charles Kangas was killed by falling rock while employed by appellant as a laborer in its mine. This action was prosecuted by and on behalf of his widow and children on the theory that his death was caused by his employer's negligence in that it, in violation of its duty to furnish him a safe place to work, carelessly and negligently put him to mucking and breaking rock in a large stope wherein it had failed and neglected to construct or maintain timbering, cribbing or any other means or device to prevent rock and ledge matter from breaking loose and falling; that the composition of the rock and ledge matter was such as to cause them to crack open, break and fall, which was unknown to Kangas and was well known to appellant and its agents prior to and at the time of his death, and that he was not given any warning of the dangerous condition of the stope, or that rock and ledge matter were likely to break loose and fall upon him.

Appellant insists the evidence was insufficient to establish that the death of Kangas was due to its negligence. Its theory is his death was caused by an air-blast, which is a spontaneous outburst or explosion of rock in a stope or other underground excavation; that an air-blast is an act of God, or a force of nature which cannot be foreseen or guarded against, and that no liability for damage arises by reason of injury sustained from it; also that Kangas, as a part of the consideration of his employment, assumed all risks, dangers and damages which might be sustained by him in pursuing such employment as he was engaged in at the time of the injury which resulted in his death.

There are conflicting theories relative to the cause of air-blasts, and none of the witnesses who testified in this case pretended to know what produces them. Their occurrence in the National mine, where Kangas was killed, is described by William M. Wagner, a witness called on behalf of appellant, as follows: "Q. Were you ever present in the National mine when these occurrences of air-blasts happened? A. Yes, sir. Q. On how many occasions? A. I could not tell you,

but quite a number of them.  Q. Quite a number?  A. Yes.
Q. Where in the mine did they occur, these blasts you ob-
served?  A. Well, they occurred in the drifts, in the raises
and occurred in the stopes.  Q. Will you state whether or
not there was any way of determining when or where in the
mine they would occur?  A. No, sir.  They would happen,
that's all anyone knows where or how.  Q. If any warning
was given when they occurred what was the first thing you
noticed?  A. There was no warning.  It was over with,
that's all.  There was an explosion and it was over with.
Q. Happened suddenly?  A. Yes, sir, happened right off.
Q. Just describe such an occurrence to the jury?  A. Well,
would be working along and all of a sudden there was a big
explosion, sometimes a big explosion in the rock and some-
times smaller explosions, would throw rock sometimes out
any place; no warning at all.  Q. What kind of an explosion?
A. Sounded like a lifter, where powder was exploded in
muck, kind of muffled sound, not really loud.  Q. Do these
air-blasts occur in the sides or back or roof?  A. They
occurred any place.''

The following additional facts were established: 1. Air-
blasts, while not of general occurrence in the Coeur d'Alene
district where appellant's mine is situated, do frequently take
place in some of the mines; 2. Prior to the death of Kangas
they had frequently occurred in the National mine; 3. Appel-
lant's officers and agents knew they were to be expected.

If we adopt appellant's theory, that the death of Kangas
was caused by an air-blast and that it is a force of nature
which cannot be foreseen or guarded against, still it owed to
him the duty to warn him of that danger.  (26 Cyc. 1172;
*Fortney v. Marblehead Lime Co.*, 173 Mo. App. 404, 158
S. W. 859; *Devine v. Delano*, 272 Ill. 166, Ann. Cas. 1918A,
689, 111 N. E. 742; *Tully v. Grand Island Telephone Co.*, 92
Neb. 719, 139 N. W. 672; *Baxter v. Roberts*, 44 Cal. 187, 13
Am. Rep. 160.)

The rule that an employee assumes all ordinary and usual
risks and perils incident to his employment is based upon a
contract, express or implied, that he does so.  (*Baxter v.*

*Roberts, supra.*)   In the absence of a contract to the contrary, he does not assume extraordinary or unusual risks, nor will he be presumed to have contracted to hold his employer blameless for injuries resulting from causes of the existence of which he was not aware.

The burden of proof was upon appellant to show that deceased was warned of such a nonobvious and extraordinary risk as is an air-blast, or that he knew of it and appreciated the danger from it.   (*Devine v. Delano, Baxter v. Roberts, supra; Savage v. Rhode Island Co.*, 28 R. I. 391, 67 Atl. 633; *Duffey v. Consolidated Block Coal Co.*, 147 Iowa, 225, 124 N. W. 609, 30 L. R. A., N. S., 1067; *Donahue v. Enterprise R. Co.*, 32 S. C. 299, 77 Am. St. 854, 11 S. E. 95; 4 Labatt's Master & Servant, 2d ed., p. 4905, sec. 1608; *Tarnoski v. Cudahy Packing Co.*, 85 Neb. 147, 122 N. W. 671; *Williams v. Sleepy Hollow Min. Co.*, 37 Colo. 62, 11 Ann. Cas. 111, 86 Pac. 337, 7 L. R. A., N. S., 1170; *Bjorman v. Ft. Bragg Redwood Co.*, 104 Cal. 626, 38 Pac. 451.)   If Kangas, who had worked in that mine but a shift and a half when he was killed, had any knowledge, notice or warning that airblasts had ever been known to or were likely to occur there, no evidence of that fact was introduced.

Appellant complains of certain instructions given and of the refusal to give others.   The entire charge to the jury, when read and considered together, correctly states the law applicable to the facts in this case, and the action of the court complained of does not constitute prejudicial error.   (*Brayman v. Russell & Pugh Lumber Co.*, 31 Ida. 140, 169 Pac. 932.)

The judgment and order denying a new trial are affirmed. Costs are awarded to respondents.

Rice and Budge, JJ., concur.

Petition for rehearing denied.