(July 29, 1921.)

ROBERT T. HAVERLAND, Respondent, v. POTLATCH LUMBER COMPANY, a Corporation, Appellant.

[200 Pac. 129.]

MASTER AND SERVANT—ASSUMPTION OF RISK—DUTY TO WARN.

1. It is the duty of a master to warn an inexperienced servant of the ordinary risks and hazards of the work in which he is employed, unless such ordinary risks and hazards are so obvious as to be understood and appreciated by him as a person of ordinary intelligence and prudence.

2. A master is charged with knowledge of the usual and ordinary dangers and hazards to which he is exposing his employeees.

3. A master is not charged with knowledge of extraordinary risks and hazards so as to impose upon him the duty to warn his servant thereof, unless shown to have been brought to the master's notice.

Publisher's Note.

1. On duty of master to adopt rules to protect servant or to warn him against dangers not reasonably to be apprehended, see note in 21 L. R. A., N. S., 89.

On the duty of master to instruct and warn his servants. as to the perils of the employment, see note in 44 L. R. A. 33.

4. A servant cannot be said to have agreed to assume a risk of which he was ignorant, and which was not so open and apparent that he should have understood and appreciated the danger therefrom.

5. A judgment of a trial court should not be reversed for misconduct of counsel at the trial, unless the appellate court is of the opinion that such misconduct had prevailing influence upon the jury to the detriment of appellant.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. E. C. Steele, Judge.

Action for damages for personal injuries. Judgment for plaintiff. *Affirmed.*

Cannon & Ferris and J. H. Forney, for Appellant.

Respondent assumed all the risks incident to the work in which he was engaged which were open and apparent and which were either known to him or which should have been known and appreciated by him in the exercise of ordinary care. (*Minty v. Union Pac. Ry. Co.,* 2 Ida. 471, 21 Pac. 660, 4 L. R. A. 409; *Goure v. Storey,* 17 Ida. 352, 105 Pac. 794; *Knauf v. Dover Lumber Co.,* 20 Ida. 773, 120 Pac. 157; *Smith v. Potlatch Lumber Co.,* 22 Ida. 782, 128 Pac. 546; *Bohn Mfg. Co. v. Erickson,* 55 Fed. 943, 5 C. C. A. 341; *Lake v. Shenango Furnace Co.,* 160 Fed. 887, 88 C. C. A. 69; *Chicago etc. Ry. Co. v. Shalstrom,* 195 Fed. 725, 115 C. C. A. 515, 45 L. R. A., N. S., 387; *Utah Co. v. Bateman,* 176 Fed. 57; *Burke v. Union Coal etc. Co.,* 157 Fed. 178, 84 C. C. A. 626; *Riley v. Neptune,* 181 Ind. 228, 103 N. E. 406; *Anderson v. Columbia Imp. Co.,* 41 Wash. 83, 82 Pac. 1037, 2 L. R. A., N. S., 840; *Props v. Washington Pulley etc. Co.,* 61 Wash. 8, 111 Pac. 888, 45 L. R. A., N. S., 658; *Brotzki v. Wisconsin Granite Co.,* 142 Wis. 380, 125 N. W. 916, 27 L. R. A., N. S., 982; *Roberts v. Pell City Mfg. Co.,* 197 Ala. 106, 72 So. 341;

Publisher's Note.

5. Propriety of argument in personal injury case asking jury what they would take for similar injury, see note in Ann. Cas. 1917A, 1099.

*Meyers v. Bennett Auto Supply Co.,* 169 Iowa, 383, 151
N. W. 444.)

Respondent's testimony to the effect that he did not know
that the tongs might pull out of the log is at war with the
physical facts and furnishes nothing for the jury to pass
upon.   (*Chicago Ry. v. Andrews,* 130 Fed. 65; *Artz v. Chicago etc. Ry. Co.,* 34 Iowa, 153; *Payne v. Chicago etc. Ry.
Co.,* 136 Mo. 562, 38 S. W. 308; *Chicago etc. Ry. Co. v.
Pounds,* 82 Fed. 217, 27 C. C. A. 112; *Southern Ry. Co. v.
Smith,* 86 Fed. 292, 30 C. C. A. 58, 40 L. R. A. 746.)

The court erred in permitting respondent's attorneys, over
appellant's objection, to argue to the jury that in fixing the
amount of damage they should take into consideration what
they would take to have their leg broken and go through
what respondent had gone through.   (*Hughes v. City of
Detroit,* 161 Mich. 283, 137 Am. St. 504, 126 N. W. 214;
*Union Pac. Ry. Co. v. Field,* 137 Fed. 14, 69 C. C. A. 536;
*McDonald v. Champion Iron etc. Co.,* 140 Mich. 401, 103
N. W. 829; *Chicago Union Traction Co. v. Lauth,* 216 Ill.
176, 74 N. E. 738, 740; *Seabury v. Detroit United Ry.,* 194
Mich. 423, 160 N. W. 570; *Morrison v. Carpenter,* 179 Mich.
207, Ann. Cas. 1915D, 319, 146 N. W. 106; *Wells v. Ann
Arbor R. Co.,* 184 Mich. 1, Ann. Cas. 1917A, 1093, 150 N. W.
340; *Jolman v. Alberts,* 186 Mich. 643, 153 N. W. 11; *Mortensen v. Bradshaw,* 188 Mich. 436, 154 N. W. 46.)

Orland & Lee, for Respondent.

It was the duty of the company, knowing of Haverland's
total lack of knowledge of the work he had been directed to
do, to instruct him fully as to his duties, the dangers of the
work and how to avoid such dangers.   In view of the failure
of the company to discharge its duty to Haverland in this
respect, it is answerable for the injury.   (*Wolski v. Knapp-
Stout & Co.,* 90 Wis. 178, 63 N. W. 87; *Norfolk Beet-
Sugar Co. v. Hight,* 56 Neb. 162, 76 N. W. 566; *Atchison,
T. & S. F. Ry. Co. v. Bancord,* 66 Kan. 81, 71 Pac. 253;
*Russell v. Minneapolis & St. L. Ry. Co.,* 32 Minn. 230, 20

N. W. 147; *McGowan v. La Plata Mining etc. Co.,* 9 Fed. 861, 3 McCrary, 393; *Fox v. Peninsular White Lead etc. Works,* 84 Mich. 676, 48 N. W. 203; *Verdelli v. Gray's Harbor Commercial Co.,* 115 Cal. 517, 47 Pac. 364, 778; *Fletcher Bros. Co. v. Hyde,* 36 Ind. App. 96, 75 N. E. 9; *Jones v. Florence Min. Co.,* 66 Wis. 268, 57 Am. Rep. 269, 28 N. W. 207; *Republic Iron & Steel Co. v. Ohler,* 161 Ind. 393, 68 N. E. 901; 18 R. C. L. 644, secs. 138, 177; 18 R. C. L. 565, secs. 76–78; *Illinois Steel Co. v. Ryska,* 200 Ill. 280, 65 N. E. 734; *Rahles v. J. Thompson etc. Mfg. Co.,* 137 Wis. 506, 118 N. W. 350, 119 N. W. 289, 23 L. R. A., N. S., 296; *Smith v. Peninsular Car Works,* 60 Mich. 501, 1 Am. St. 542, 27 N. W. 662.)

One can only assume those things one knows about, those dangers that are open and apparent. (18 R. C. L. 683, sec. 172; *Republic Iron & Steel Co. v. Ohler, supra.*)

A judgment will not be reversed, on account of improper remarks of counsel, in argument to a jury, where the verdict is right, and it does not appear probable that the improper remarks influenced the jury, in arriving at their verdict. (*Chezum v. Parker,* 19 Wash. 645, 54 Pac. 22; *Chamberlain v. Lake Shore & M. S. Ry. Co.,* 122 Mich. 477, 81 N. W. 339; *Festner v. Omaha & S. W. R. R.,* 17 Neb. 280, 22 N. W. 557; *Roose v. Roose,* 145 Ind. 162, 44 N. E. 1; *Chicago & A. R. Co. v. Pillsbury,* 123 Ill. 9, 5 Am. St. 483, 14 N. E. 22; *Southern Indiana Ry. Co. v. Baker,* 37 Ind. App. 405, 77 N. E. 64.)

RICE, C. J.—This is an action by respondent for damages for personal injuries received while employed by appellant at one of its lumber camps. The injury occurred while respondent was engaged with a crew consisting of a hooker, top-loader, engineer and fireman, in dragging logs a distance of about 300 feet from the timber to the landing place. The machine used in the work is known as the Marion loader. In the process of the work, tongs attached to a cable were fastened into the logs, and by means of the

power furnished by the loader they were drawn upon the ground to the landing place. While a large log was so being moved, the tongs broke loose from the log and struck respondent, causing the injury complained of. Respondent was injured during the afternoon of the first day he worked about the Marion loader. During the forepart of the day he had assisted in loading logs on to cars by means of the loader. In the afternoon they began to draw in the logs from the timber, and respondent was requested to go out in the woods and help those engaged in the work. He testified that he told the superintendent, or foreman, that he did not know anything about it and had never seen one run before, but was told that it was all right, to go out, that it would be a good way to learn.

Two special interrogatories were submitted to the jury and answered as follows:

(1) ''Was the danger of the tongs pulling out of the log open and apparent, so that a person of plaintiff's age and experience would understand and appreciate the danger therefrom?

''Answer: No.''

(2) ''Was the danger of the tongs pulling out of the log one of the ordinary risks of the work in which plaintiff was engaged?

''Answer: Yes.''

The jury also returned a general verdict for respondent.

The negligence alleged by respondent, and relied upon, was the failure of appellant to warn respondent ''that the tongs might break or slip off or become disengaged from the log while the same was being pulled or drawn to the loading or landing place.''

In cases where reasonable men can reach but one conclusion as to whether or not a danger is one of the ordinary risks of the work in which a servant is employed, and whether or not it is so open and apparent that a person of ordinary intelligence and experience should understand and appreciate the risk involved in the work, such questions

are properly treated and discussed as matters of law.. In this case, however, these matters were properly treated as questions of fact to be determined by the jury.

By the answers to the special interrogatories, the jury determined that the danger of the tongs pulling out of the log being then drawn to the landing place was one of the ordinary risks of the work, but not so obvious as to be understood and appreciated by respondent. Under such state of facts, it was the duty of appellant to warn respondent of the ordinary risks and hazards of the work in which he was employed.

"The duty of a master to warn and instruct an inexperienced employee, the nature of whose work exposes him to peculiar or obscure dangers, which, as a person of ordinary intelligence and prudence he cannot be held to discover and guard against, is one of positive obligation, which the master cannot escape on the plea that he himself was ignorant of such danger, as the law will hold him to have known that which the exercise of reasonable care and caution would have brought to his attention." (*Vohs v. Shorthill & Co.*, 130 Iowa, 538, 107 N. W. 417.)

And see *Carter v. Fred W. Duback Lumb. Co.*, 113 La. 238, 36 So. 952.

A master must be charged with knowledge of the usual and ordinary dangers and hazards to which he is exposing his employees.

Appellant contends, however, that it was necessary for respondent to prove that the tongs had slipped off of logs at other times, and that appellant knew or should have known thereof, in order that the duty of warning should rest upon it. In support of this principle, appellant cites *Pinkley v. Chicago & E. I. R. Co.*, 246 Ill. 370, 92 N. E. 896, 35 L. R. A., N. S., 679, and some other authorities. This, principle applies only to extraordinary or unusual risks and hazards. Such dangers are not charged to the knowledge of the master so as to impose upon him the duty to warn his servant thereof, unless they are shown to have been brought

to the master's notice.   (*Bauer v. American Car & Foundry Co.*, 132 Mich. 537, 94 N. W. 9; *Diamond Rubber Co. v. McClurg*, 26 Ohio C. C. 481; *Moran v. Mulligan*, 110 App. Div. 208, 97 N. Y. Supp. 7.)

Appellant also urges that respondent assumed all the risks incident to the work in which he was engaged which were open and apparent, or which were either known to him or which should have been known and appreciated by him in the exercise of ordinary care. The doctrine of assumed risk rests upon contract, express or implied. (*Kangas v. National Copper Mining Co.*, 32 Ida. 602, 187 Pac. 792.) The answer of the jury to the first special interrogatory submitted to it prevented the principle from being applicable to this case. The respondent could not be said to have agreed to assume a risk of which he was ignorant and which was not so open and apparent that he should have understood and appreciated the danger therefrom.

It is claimed that the court erred in its rulings upon objections to the argument to the jury of counsel for respondent. While we do not approve of the argument of counsel, we are satisfied that it had no effect upon the verdict of the jury.

"While judgments have been reversed by reason of misconduct of counsel at the trial, this should never be done unless the appellate court is of the opinion such misconduct had prevailing influence upon the jury to the detriment of appellant." (*Theriault v. California Ins. Co.*, 27 Ida. 476, Ann. Cas. 1917D, 818, 149 Pac. 719.)

In our opinion the other specifications of error are without merit.

The judgment is affirmed. Costs awarded to respondent.

Budge, McCarthy, Dunn and Lee, JJ., concur.